UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Wallace Burris,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Albertson's LLC, et al.,<br><br>　　　　　Defendants | Case No. 2:24-cv-01651-CDS-MDC<br><br>**Order Granting Plaintiff's Motion to Remand and Declining to Address Plaintiff's Motion to Amend**<br><br>[ECF Nos. 6, 22] |

　　　　Plaintiff Wallace Burris brings this negligence action against defendants Albertson's LLC, Devin Everett, Does 1-2 and Roe Business Entities that stems from a slip and fall at a Las Vegas Albertsons grocery store. Compl., ECF No. 1-2. Burris originally filed this complaint in the Eighth Judicial District Court, Clark County, Nevada. *See id.* On September 5, 2024, Albertson's removed the case to this court. Pet. for removal, ECF No. 1. Burris then filed a motion to remand. Mot., ECF No. 6. That motion is fully briefed. *See* Opp'n, ECF No. 20; Reply, ECF No. 21. Thereafter, Burris filed a motion to amend the complaint to substitute Ozzie Scott as a defendant who was previously identified as a Doe defendant in the complaint. Mot. to amend, ECF No. 22. That motion is also fully briefed. Opp'n, ECF No. 27; Reply, ECF No. 32. For the reasons herein, I find Albertson's' removal was untimely so I grant Burris's motion to remand.

I.　　　Background[1]

　　　　Burris alleges that on or about February 7, 2023, he went to an Albertsons grocery store located at 9725 S. Maryland Parkway, Las Vegas, Nevada 89183. ECF No. 1-2 at ¶¶ 10–11. Burris claims that he was walking "within the public walkway of the public restroom" when, as he stepped through the door of the public restroom, slipped, and took a "hard" fall because "the floor was completely soaked with standing liquid." *Id.* at ¶ 12. He avers that "[t]here was so

---

[1] Unless otherwise noted, the court only cites to Burris's complaint (ECF No. 1-2) to provide context to this action, not to indicate a finding of fact.

much standing water and the floor was so wet that everyone who came to assist [him], including an employee of [Albertsons], struggled to get their footing to lift Plaintiff of the floor." *Id.* at ¶ 14. Burris states that the puddle was not visible to him because the liquid was clear and there were no signs, cones, or other warnings alerting people to its existence. *Id.* at ¶ 16.

## II. Legal standard

### A. Motion to remand

Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a case is filed in state court between parties who are citizens of different states, and the amount in controversy exceeds $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. But there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant always has the burden of establishing that removal is proper. *Id.*

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). But "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

### B. Motion to amend

Under Rule 15(a), "court[s] should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). "Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (citation omitted). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.

1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.")

### III. Discussion

Because the court must have jurisdiction to address the pending motion to amend, I first address the motion to remand.

#### A. Burris's motion to remand is granted.

Burris argues that the Albertson's removal is untimely as it was removed after the thirty-day deadline. ECF No. 6 at 3–4. "The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Burris alleges that the existence of diversity jurisdiction was apparent on the face of the complaint because the complaint clearly demonstrates that the amount in controversy exceeds $75,000. ECF No. 6 at 4. Burris points to the fact that the complaint asks for damages "in excess of $15,000" and also references that Burris had to undergo hip surgery that was "especially complicated and risky" to support his argument. *Id.* (citing ECF No. 1-2 at ¶ 26). Because Albertson's was served with the complaint providing the amount in controversy was over $75,000 on July 31, 2024, Burris argues that the deadline for removal was August 30, 2024.[2] *Id.* at 5.

Further, Burris argues that even if the complaint did not provide notice to Albertson's of the amount in controversy, Albertson's removal is also untimely under § 1446(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by . . . defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3). Burris states that—although Albertson's argues that the

---

[2] Burris refers to this deadline as the "deadline to remand" but I assume this is just a scrivener's error and that it intended to reference the deadline to remove.

3

petition for exemption from arbitration, filed on August 19, 2024, triggered the thirty-day clock—the thirty-day clock was triggered by the demand letter Burris sent on July 22, 2024. ECF No. 6 at 3. Burris avers that the demand letter, which seeking $600,000 in damages, put Albertson's on notice that the amount in controversy exceeded $75,000. *Id.* Burris explains that the demand letter informed Albertson's that his hip surgery had been completed, and that that is the same information Albertson's relied on in its notice of removal as evidence that the amount in controversy exceeds $75,000. *Id.*

In response, Albertson's argues that the triggering event for the thirty-day removal clock was the petition for exemption from arbitration, not the complaint or the demand letter. ECF No. 20 at 4. It further argues that the request for special and general damages in excess of $15,000 was not specific enough to put it on notice that the amount in controversy was over $75,000. *Id.* It also argues that the demand letter was devoid of any evidence to support Burris's request for $600,000, which makes it insufficient in providing notice as to the amount in controversy. *Id.* at 5.

In his reply, Burris first argues that Albertson's ignores that the complaint seeks "$15,000 in general damages for basic negligence; another $15,000 in medical treatment for basic negligence; another $15,000 in general damages for negligent training and supervision; and another $15,000 in medical treatment for negligent training and supervision" which totals $60,000. ECF No. 21 at 3. The $60,000 number, combined with statements in the complaint that Burris "suffered serious injuries to his back, hip, and lower body" which required "injection procedures" and "complicated and risky" surgery, Burris "has been and continues to be limited in his activities," has "suffered a loss of enjoyment of life" will "require future medical treatment" and that his "injuries may be permanent," put Albertson's on notice that the amount in controversy exceeded $75,000. *Id.* Turning to the demand letter, Burris argues that the Ninth Circuit held that a seven-figure demand letter "clearly indicated that the amount in controversy exceeded the jurisdictional amount." *Id.* at 4 (quoting *Babasa v. LensCrafters, Inc.* 498 F.3d 972, 975

4

(9th Cir. 2007)). Further, Burris argues that the demand letter included several additional facts—hip surgery had been completed and was complex, surgery bills were elevated, there was a long road to recovery, and post-surgery physical therapy and future medical treatment—which, when combined with the $600,000, "left no doubt that the amount in controversy exceeded $75,000" *Id.*

      I look first at the question of whether the complaint put Albertson's on notice that the that the amount in controversy exceeded $75,000. While the prayer for relief supports an amount in controversy exceeding $30,000, Burris does not plead specific, factual allegations showing how the amount in controversy exceeds $75,000. Burris says he had surgery that was "complicated and risky" and indicates that he requires and will continue to require medical treatment. *See* ECF No. 1-2 at ¶¶ 26–30. But this, without more, requires Albertson's to speculate the cost of both the surgery and the unidentified medical treatments and that cannot therefore put it on notice that the amount in controversy exceeds the federal threshold. *See Nader v. Walmart Inc.*, 2024 U.S. Dist. LEXIS 100416, at *5 (D. Nev. Mar. 1, 2024) (finding the case was not removable on the face of the complaint when the complaint fails to allege "specific" allegations as to how the amount in controversy is over $75,000); *Fang v. Ford Motor Co.*, 2022 U.S. Dist. LEXIS 147207, at *14 (E.D. Cal. Aug. 16, 2022) (declining to find that a complaint brought a claim for an amount exceeding $75,000 when the complaint forced defendant to speculate as to the purchase price of the vehicle at issue to calculate damages and the amount in controversy). Therefore, the thirty-day clock was not triggered upon service of the complaint.

      However, I do find that the thirty-day clock was triggered upon Albertson's receipt of the demand letter, making its removal untimely. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). In *Babasa v. LensCrafters, Inc.*, the Ninth Circuit explained that a demand letter still provides a reasonable estimate of damages if it is "sufficiently supported by details of the injuries claimed." 498 F.3d 972, 975 (9th Cir. 2007).

5

Here, the demand letter provides specific details explaining how Burris calculated the $600,000 amount. The letter specifically references the surgery Burris had undergone, stating that the surgery was completed, that the surgery was "more complex than anticipated," and that surgery bills "will be much higher than the run-of-the-mill estimate we provided earlier." ECF No. 21 at 3; *see* Demand letter, Def.'s Ex. B, ECF No. 20-2.

I find the details included in the demand letter, especially when combined with the facts and the prayer for relief in the complaint, make the settlement number reasonable.[3] Further, even if Albertson's believes this number to be imprecise, the request for $600,000 nevertheless still indicated the amount in controversy exceeds the jurisdictional amount. *See Babasa*, 498 F.3d at 975 (finding that a settlement letter asking for $9.5 million in damages, even if imprecise, "clearly indicated that the amount in controversy exceeded the jurisdictional amount").

I also note that in its petition for removal, Albertson's specifically relies on the completed hip surgery to get over the $75,000 threshold. *See* ECF No. 1 at ¶ 17 ("Upon information and belief, Plaintiff, WALLACE BURRIS claims past medical special damages in the amount $40,296.24, **which does not include the billings for a recent hip surgery**, along with general damages in excess of $15,000.00, economic damages, hedonic damages, attorney's fees and costs and prejudgment interest" (emphasis added)). The petition for removal relies on the hip surgery bills to surpass the amount in controversy threshold, as the damages calculation without the hip surgery bills total $55,296.24. This is interesting because the damages alleged in the complaint total at least $60,000. Albertson's wants the court to believe that the $60,000 damages alleged in the complaint, plus the demand letter stating hip surgery had been completed and the request for $600,000, was not enough to put it on notice of the jurisdictional threshold, but somehow, the petition for exemption from arbitration, which includes damages totaling only $55,296.24 plus *renewed* notice that the hip surgery had been completed suddenly informed them that

---

[3] I also find it noteworthy that Albertson's does not meaningfully dispute the request for $600,000 in damages is somehow unreasonable or somehow an impossibility.

jurisdictional threshold had been met. This does not pass muster. Burris's first hip surgery had been completed before the $600,000 demand letter. Albertson's' reliance on the higher-than-anticipated surgery bills to get past the threshold for federal jurisdiction is evidence Albertson's was on notice that the amount in controversy exceeded $75,000.

For these reasons, I find that the thirty-day clock was triggered pursuant to § 1446(b)(3) when Burris sent Albertson's the demand letter on July 22, 2024, *See* ECF No. 20-2 at 2, so Albertson's deadline to remove this action was August 21, 2024. Albertsons did not remove the case to this court until September 5, 2024, *see* ECF No. 1, making removal is untimely so this case must be remanded.[4] Because I find that remand is necessary, I also find that Burris's motion to amend should be heard by the state court judge assigned to this case, so his motion to amend is denied without prejudice.

## IV.    Conclusion

IT IS THEREFORE ORDERED that Burris's motion to remand **[ECF No. 6] is GRANTED.**

IT IS FURTHER ORDERED that Burris's motion to amend **[ECF No. 22] is denied without prejudice**.

The Clerk of Court is kindly instructed to remand Case No. A-24-897980-C to the Eighth Judicial District Court, Department 4, and to close this case.

Dated: September 2, 2025

_____
Cristina D. Silva
United States District Judge

---

[4] Albertson's petition for removal alludes to fraudulent joinder. ECF No. 1 at ¶ 16. However, as neither party meaningfully addresses it in the motions practice relating to remand, and ultimately because removal was untimely, I do not address it.

7